ROBERT K. ROSS (5498)
HAMBURGER LAW FIRM, LLC
61 W. Palisade Avenue
Englewood, NJ 07631
Tel: (201) 705-1200
Fax: (201) 705-1201

Attorneys for Plaintiff, MarketCounsel, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MARKETCOUNSEL, LLC,** | : Civil Action No. _____ |
| Plaintiff, | : **COMPLAINT** |
| v. | : |
| **SOURCEMEDIA, INC.,** | : |
| Defendants. | : |

Plaintiff MarketCounsel, LLC ("MarketCounsel"), having its principal place of business at 61 W. Palisades Avenue, Englewood, N.J. 07631 by and through its undersigned attorneys, for its complaint against defendant SourceMedia, Inc. ("SourceMedia") of One State Street Plaza, 27th Floor, New York, NY 10004, alleges as follows:

## NATURE OF ACTION

1.     This is an action for unfair competition and other relief arising under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1051 *et seq.* (hereinafter "Lanham Act') and the common law of the State of New York. Specifically, upon information and belief, SourceMedia has provided consulting services under the mark **THE FINANCIAL ADVISOR'S**

**ADVISOR** that infringe upon and unfairly compete with MarketCounsel's common law service mark **THE ADVISER'S ADVISOR.**

## THE PARTIES

2.      Plaintiff is a Limited Liability Company organized and existing under the laws of the State of New Jersey with its principal place of business located at 61 W. Palisade Avenue, Englewood, New Jersey 07631.

3.      Upon information and belief, SourceMedia is a corporation organized in the State of New York with its principal place of business located at One State Street Plaza, 27th Floor, New York, New York 10004.

## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and (b) because MarketCounsel's claims arise under the trademark, service mark laws of the United States. This court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over MarketCounsel's claims that arise under the laws of the State of New York.

5.      This Court has personal jurisdiction over the parties to this action because (i) MarketCounsel's claims arise in this judicial district; (ii) SourceMedia conducts business in this judicial district; and (iii) all of the parties do business in this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because (i) MarketCounsel's claims arise in this judicial district; (ii) SourceMedia is located in this judicial district; (iii) all of the parties do business in this judicial district; (iv) witnesses and evidence are located within this judicial district; (v) and the acts complained of herein have taken place in this judicial district.

## MARKETCOUNSEL'S USE OF ITS SERVICE MARK

7.      MarketCounsel is the owner of the service mark **THE ADVISER'S ADVISOR** for use in connection with the providing of consulting services on securities compliance and regulatory matters.   MarketCounsel has continuously provided its consulting services on securities compliance and regulatory matters since at least as early as August 1, 2000. Printouts from MarketCounsel's web site located at the u.r.l. www.marketcounsel.com demonstrating MarketCounsel's use of its **THE ADVISER'S ADVISOR** mark are submitted herewith as Exhibit A.

8.      MarketCounsel has expended substantial sums of money promoting, marketing and advertising its consulting services on securities compliance and regulatory matters under the **THE ADVISER'S ADVISOR** mark.

9.      By virtue of MarketCounsel's extensive use of the mark **THE ADVISER'S ADVISOR**, the mark has developed significant consumer recognition and goodwill. The mark **THE ADVISER'S ADVISOR** has come to be widely recognized by the public as identifying MarketCounsel and its products.

## SOURCEMEDIA'S INFRINGMENT

10.      Upon information and belief, on or about November 1, 2006, and long subsequent to MarketCounsel's use of its **THE ADVISER'S ADVISOR** mark, SourceMedia launched a new product called AdvisorMax. AdvisorMax purports to provide many of the same services as MarketCounsel; nonetheless, SourceMedia launched the new product with the slogan **THE FINANCIAL ADVISOR'S ADVISOR** prominently displayed on its marketing materials.

11.      SourceMedia's use of the mark **THE FINANCIAL ADVISOR'S ADVISOR** is so similar to MarketCounsel's **THE ADVISER'S ADVISOR** mark that it is likely to cause confusion, mistake or deception as to the source or origin of AdvisorMax's services in that the

public is likely to believe that AdvisorMax's services are provided by, or sponsored by, or licensed by, or affiliated with or in some other way legitimately connected to MarketCounsel. Such public confusion has and will continue to cause irreparable harm to MarketCounsel.

12.     The acts of SourceMedia are unlawful and were willful and knowingly performed with the intent and result of injuring MarketCounsel.

## MARKETCOUNSEL'S NOTICE TO SOURCEMEDIA

13.     On December 27, 2006, counsel for MarketCounsel sent a cease and desist letter to SourceMedia demanding that SourceMedia immediately "cease and desist from any and all use whatsoever of the mark **THE ADVISER'S ADVISOR**." A copy of the cease and desist letter is attached hereto as Exhibit 2.

14.     Since December 27, 2006, MarketCounsel and SourceMedia have exchanged numerous correspondences that have, unfortunately, not resulted in the resolution of this issue.

15.     On February 26, 2008, MarketCounsel received registration of its mark, bearing Registration No. 3,388,634. A copy of the registration is attached as Exhibit B. SourceMedia did not challenge or oppose MarketCounsel's application.

16.     As of April 18, 2008, SourceMedia has failed to comply with MarketCounsel's demand and has affirmatively acknowledged that it does not plan to comply in the future.

## COUNT I

## UNFAIR COMPETITION UNDER SECTION 43(a)
## OF THE LANHAM ACT

17.     MarketCounsel repeats and reallages each and every allegation contained in Paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18.     SourceMedia, through its conduct described above, has provided services under a colorable imitation of MarketCounsel's protectable **THE ADVISER'S ADVISOR** mark which is

likely to cause confusion or mistake and/or to deceive in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

19.    SourceMedia has committed such acts of false designation of origin and false description and representation willfully and with full knowledge of MarketCounsel's prior use of, and rights in, its **THE ADVISER'S ADVISOR** mark.

20.    As a result of SourceMedia's acts of unfair competition, MarketCounsel has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### COMMON LAW SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

21.    MarketCounsel repeats and reallages each and every allegation contained in Paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22.    SourceMedia's aforesaid acts constitute infringement of MarketCounsel's rights in its common law service mark **THE ADVISER'S ADVISOR** and tend to falsely describe or represent that AdvisorMax's services were provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to MarketCounsel and are of the same character, nature and quality as the services provided by MarketCounsel, thereby damaging MarketCounsel and MarketCounsel's reputation.

23.    The acts of SourceMedia constitute acts of unfair competition against MarketCounsel under the laws of the United States including Section 43(a) of the Lanham Act and the common law of the State of New York. Additionally, such acts have been committed knowingly and willingly and have injured MarketCounsel in its trade and business.

24.     By reason of the aforesaid acts, SourceMedia has caused damage to MarketCounsel and to the goodwill associated with MarketCounsel's mark.

## PRAYER FOR RELIEF

WHEREFORE, MarketCounsel demands judgment in its favor and against SourceMedia as follows:

1.     That SourceMedia, and its agents, officers, directors, servants, distributors, affiliates, employees, attorneys and representatives and all those in privity or acting with SourceMedia, and each of them, be permanently enjoined and restrained from directly or indirectly:

    a.   Using the mark **THE FINANCIAL ADVISOR'S ADVISOR**, or any other marks confusingly similar thereto, alone or in combination with other words, names, styles, titles designs or marks in connection with the provision of financial services;

    b.   Using in any other way any other marks or designation so similar to MarketCounsel's aforesaid service mark as to be likely to cause confusion, mistake or deception;

    c.   Falsely designating the origin, sponsorship, or affiliation of AdvisorMax's services in any manner;

    d.   Otherwise competing unfairly with MarketCounsel in any manner;

    e.   Using any words, names, styles, designs, titles, designations, or marks which create a likelihood of injury to the business reputation of MarketCounsel or a likelihood of dilution of MarketCounsel's marks and the goodwill associated therewith;

    f.   Using any trade practices including those complained of herein, which tend to unfairly compete with or injure MarketCounsel's business and goodwill pertaining thereto; and

     g.   Continuing to perform in any manner whatsoever any of the acts complained of in this complaint.

2.     That SourceMedia be required to pay MarketCounsel compensatory damages for the injuries sustained by MarketCounsel in consequence of the unlawful acts alleged herein and that such damages by trebled pursuant to 15 U.S.C. § 17 because of the willful and unlawful acts as alleged herein.

3.     That SourceMedia be required to account for and pay over to MarketCounsel all gains, profits and advantages derived by them from the unlawful activities alleged herein.

4.     That SourceMedia be required to deliver for destruction all stationery, signs, advertisements, promotional flyers, cards, brochures, promotional materials and any other written material which bear the service mark **THE FINANCIAL ADVISOR'S ADVISOR** together with all plates, molds, matrices and other means and materials for making or reproducing the same.

5.     That SourceMedia be required to pay to MarketCounsel all of its litigation expenses, including but not limited to reasonable attorney fees and the costs of this action.

6.     That MarketCounsel be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Robert K. Ross (5498)
**HAMBURGER LAW FIRM, LLC**
61 W. Palisade Ave.
Englewood, NJ 07631
Tel: (201) 705-1200
Fax: (201) 705-1201

Attorneys for Plaintiff, MarketCounsel, LLC

Dated: April 18, 2008

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for relief alleged herein on which plaintiff has a right to trial by jury.

Robert K. Ross (5498)
**HAMBURGER LAW FIRM, LLC**
61 W. Palisade Ave.
Englewood, NJ 07631
Tel: (201) 705-1200
Fax: (201) 705-1201

Attorneys for Plaintiff, MarketCounsel, LLC

Dated: April 18, 2008

## **L.CIV.R. 11.2 CERTIFICATION**

The matter in controversy is not the subject of any other action pending in any other court or any pending arbitration or administrative proceeding.

Robert K. Ross (5498)
**HAMBURGER LAW FIRM, LLC**
61 W. Palisade Ave.
Englewood, NJ 07631
Tel: (201) 705-1200
Fax: (201) 705-1201

Attorneys for Plaintiff, MarketCounsel, LLC

Dated: April 18, 2008

# EXHIBIT A



# EXHIBIT B

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,388,634
Registered Feb. 26, 2008

## SERVICE MARK
### PRINCIPAL REGISTER

## THE ADVISER'S ADVISOR

MARKETCOUNSEL, LLC (NEW JERSEY LTD LIAB CO)
61 WEST PALISADE AVENUE
ENGLEWOOD, NJ 07631

FOR: BUSINESS CONSULTATION SERVICES IN THE FIELD OF SECURITIES COMPLIANCE AND REGULATORY MATTERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-1-2000; IN COMMERCE 8-1-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-223,161, FILED 7-6-2007.

BRENDAN REGAN, EXAMINING ATTORNEY



# The United States of America

# CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

®JS 44 (Rev. 12/07, NJ 1/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MarketCounsel, LLC

**DEFENDANTS**

SourceMedia, Inc.

**(b)** County of Residence of First Listed Plaintiff   BERGEN

County of Residence of First Listed Defendant   New York

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number, and Email Address)

Robert K. Ross, Esq. c/o Hamburger Law Firm, LLC 61 W. Palisade Avenue, Second Floor Englewood, NJ 07631 (201) 705-1226

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS –Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 U.S.C.§1125

Brief description of cause:  trademark infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE

DOCKET NUMBER

Explanation:

DATE  4/18/08

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07, NJ 1/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.